**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SUNBELT RENTALS, INC., | : | CIVIL ACTION NO. 09-2403 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| SCOTTSDALE INSURANCE COMPANY, | : |  |
| Defendant. | : |  |

**IT APPEARING** that an action brought by Edwin Herrera is pending in New Jersey state court ("State Action") to recover damages for personal injuries sustained in a workplace accident against, inter alia, (1) Edgar's Roofing and Demolition a/k/a Edgar General Contracting, (2) PMT Contracting, Inc., and (3) Sunbelt Rentals, Inc. ("Sunbelt") (dkt. entry no. 1, Compl. at 2-5; id., Ex. B, State Action 3d Am. Compl.); and it appearing that Scottsdale Insurance Company ("Scottsdale") insured Sunbelt (Compl. at 2); and Sunbelt bringing this action in federal court on May 18, 2009, against Scottsdale ("Federal Action") for, inter alia, a judgment declaring that Scottsdale is obligated to defend and indemnify Sunbelt in connection with the State Action (id. at 6-7);[1] and

---

[1] Sunbelt is advised that the Declaratory Judgment Act, 28 U.S.C. § 2201, "does not and cannot serve as an independent basis for federal jurisdiction." TIG Ins. Co. v. Reliable Research Co., 334 F.3d 630, 634 (7th Cir. 2003); see Terra Nova Ins. Co. v. 900 Bar, Inc., 887 F.2d 1213, 1218 n.2 (3d Cir. 1989) (same).

**THE COURT** being concerned that either (1) Scottsdale will be named in the State Action as a defendant, as a third-party defendant, or in some other capacity, or (2) a determination as to any claims arising in the Federal Action will necessarily affect — and thus interfere with — the State Action; and it appearing that if either were the case, then the Court must consider abstention, see Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (affirming — in upholding Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942) — abstention where insurer brought declaratory judgment action in federal court against insured, and insured brought own action against insurer in state court); and it appearing that in deciding whether to hear declaratory judgment actions involving insurance coverage issues, the Court should consider

> 1. A general policy of restraint when the same issues are pending in a state court;
> 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;
> 3. Avoidance of duplicative litigation

State Auto Ins. Cos. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000); ITT Indus., Inc. v. Pac. Employers Ins. Co., 427 F.Supp.2d 552, 560-61 (E.D. Pa. 2006); and it appearing that a federal court should "decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation," Summy, 234 F.3d at 135; and

**THE COURT** concluding that the Federal Action (1) is a declaratory judgment action involving insurance coverage issues, (2) is restricted to state law issues, and (3) raises issues that are now pending in the State Action, see Atl. Mut. Ins. Co. v. Gula, 84 Fed.Appx. 173, 174 (3d Cir. 2003) (affirming judgment dismissing complaint for, inter alia, same reasons); and the Court also concluding that abstaining here would promote judicial economy by avoiding duplicative and piecemeal litigation, see Summy, 234 F.3d at 135; and the Court possessing discretion to issue a stay of the Federal Action, rather than dismiss the Complaint, to ensure that all of the claims in the Federal Action are indeed addressed once the parties raise them in the State Action, see Cincinnati Ins. Co. v. Trosch, 271 Fed.Appx. 205, 205-07 (3d Cir. 2008) (affirming order issuing stay in insurer's declaratory judgment action and noting stay was issued pending resolution of underlying state action); Driscoll/Hunt A Joint Venture v. St. Paul Fire & Marine Ins. Co., No. 05-6249, 2006 WL 1648984, at *5 (E.D. Pa. June 13, 2006) (declining to exercise jurisdiction in declaratory judgment action and staying proceedings pending outcome in parallel state actions); Scully Co. v. OneBeacon Ins. Co., No. 03-6032, 2004 WL 1166594, at *1-*2 (E.D. Pa. May 24, 2004) (staying declaratory judgment action seeking declaration on insurance coverage issue pending resolution of parallel state actions); cf. Gen. Nutrition Corp.

v. Charter Oak Fire Ins. Co., No. 07-262, 2007 WL 2998443, at *4 (W.D. Pa. Oct. 11, 2007) (dismissing complaint in declaratory judgment action where there was parallel state court proceeding); and

    **THE COURT** intending to issue a stay, thereby avoiding any statute of limitations issues that may arise from a dismissal of the Complaint; and the Court encouraging Sunbelt to raise the issues from the Federal Action within the scope of the related state court proceedings now, if this has not already been done by either Sunbelt or Scottsdale; and for good cause appearing, the Court will issue an appropriate order.

                                                                s/ Mary L. Cooper  
                                                  **MARY L. COOPER**  
                                                  United States District Judge

Dated:  June 29, 2009